EDISON UNITED MANUFACTURING COMPANY, in equity,

*vs.*

FARMINGTON ELECTRIC LIGHT and POWER COMPANY·

and

NEW ENGLAND WIRING and CONSTRUCTION COMPANY.

Franklin.    Opinion March 7, 1890.

*Insolvency.   Corporation.   Public duties.   Eminent domain.   R. S., c. 70, §§ 13, 61.   Laws of 1885, c. 378.*

Corporations engaged in business involving public duties and obligations, including corporations engaged in supplying cities and towns with gas and water, and other corporations of like character, are expressly exempted by the statutes of this state from the operation of the insolvent law.

An electric light and power company, organized under the general laws of the state, exercising the power of eminent domain, regularly engaged in lighting public streets, and furnishing lights for public halls, churches, hotels, banks, post-office and private houses, is such a corporation and, therefore, not amenable to the insolvent law.

Its general public utility is an evidence that such a company is engaged in business involving public duties and obligations.

In determining whether the use is a public one, by reason of the company exercising the right of eminent domain, there is no difference in this respect between companies incorporated by general statutory provision, and those by special act, although the former under the general laws of 1885 (c. 378) . receive no monopoly of the power of eminent domain, and it is delegated to them by the official action of persons designated for the purpose by the legislature.

IN EQUITY.

Bill in equity, brought under R. S., c. 70, § 13, to revise a decree of the court of insolvency, for Franklin county, by which that court dismissed a petition filed by the plaintiffs, praying to have the Farmington Electric Light and Power Company decreed insolvent.

The material portions of the bill, charging that the petition in insolvency was erroneously dismissed for an alleged want of jurisdiction, are as follows:—

Your petitioner further represents, that its debts against said

defendant provable under c. 70 aforesaid, amounted and did then amount to more than one fourth part of the debts provable against said defendant, and that said defendant was then insolvent, and that it was for the best interests of all the creditors that the assets of said defendant should be divided as provided in said chapter, and it was satisfactorily made to appear to said judge that the allegations made in said application were true and that said defendant was insolvent. The petitioner further alleges that said court had jurisdiction of said defendant corporation and of said petition to have the same adjudicated insolvent, and that the provisions of c. 70, aforesaid, did and do apply to said defendant corporation, and that it is not in any way exempted or excepted therefrom; that on said 3d day of July said defendant corporation appeared by its officers and attorneys and resisted said petition, and alleged and claimed that said court had no jurisdiction over it upon said petition. Whereupon the judge of said court passed and made the following decree, to wit,

Ordered: that the within petition be dismissed, and that the warrant of attachment and injunction issued thereon be revoked for want of jurisdiction.

And your petitioner further alleges, that all the estate and property of said defendant has been attached by sundry creditors of said defendant within four months prior to the date of the filing of said petition, and that said creditors unjustly seek to obtain thereby, a preference over your petitioner, and that said corporation and its officers by objecting to the aforesaid petition seek to aid in furthering said unjust preference, and thereby to prevent your petitioner from receiving any portion of the assets of said corporation in payment of its said debt, so that unless relieved, your petitioner will be defrauded and lose the entire amount of its aforesaid claim.

Wherefore your petitioner prays this honorable court to review this aforesaid order and decree, dismissing said petition for want of jurisdiction, and correct the same, and cause said decree to be made as it ought to have been made, and to give such other and further relief to your petitioner in the premises, as justice and equity require.

The petition in insolvency was filed June 14, 1889, and dismissed July 3, 1889. The bill in equity was filed July 9, 1889. The New England Wiring and Construction Company, an attaching creditor, having filed a motion praying to be allowed to become a party defendant, also filed an answer by leave of court.

The case was heard at the January rules, 1890, upon bill, answer, proofs and oral testimony taken before the court.

The following decree was thereupon entered:

Upon hearing of this case the presiding justice found as a matter of fact from the evidence introduced, that the Farmington Electric Light and Power Company was, at the time of the filing of the petition by the Edison United Manufacturing Company in insolvency, to wit, on the 14th day of June, 1889, insolvent, and that said Edison Manufacturing Company represented at least one fourth part of the debts provable against the Farmington Electric Light and Power Company under c. 70 of R. S., and that due proceedings in insolvency were had upon the petition of said Edison United Manufacturing Company at time of the filing of the said petition in insolvency, and thereupon the presiding justice, before whom final hearing was had, upon the request of both parties in this proceeding certifies to the full court for decision as a question of law involved in the proceedings in this case, in accordance with c. 70, § 13, of the R. S., the following question of law, namely: Whether the Farmington Electric Light and Power Company was, at the time of said proceedings in the court of insolvency, and still is a corporation "engaged in business involving public duties and obligations, among which are railroads, banks, corporations engaged in supplying cities and towns with gas or water, and other corporations of like character," embraced within the exception to § 61, c. 70, R. S. And for determining that question, the presiding justice certifies to the full court, for its consideration, all the evidence and admissions bearing upon the question as to the nature of the business and the extent of the same of this said Farmington Electric Light and Power Company.

*F. E. Timberlake, A. R. Savage,* of counsel, for plaintiffs.

The burden is on the defendants to show that the case falls within the exceptions in the statutes. A corporation to be within the exception, as one having "public duties and obligations," must be one upon which the state, in addition to the right to exist, has conferred some franchise or right in derogation of the right of the organic public or individuals, some portion of its own powers, the right of eminent domain or exclusive privileges. There is a distinction between ordinary business corporations and those having "public duties and obligations." The legislature did not mean those ordinary duties and obligations, that devolve upon all natural as well as artificial persons, to perform all contracts by them made with municipalities and corporations, as well as with individuals, or the duties and obligations that rest upon all alike to observe the laws of the land, as that would exempt all corporations. Would a corporation, merely because it was operating a grain elevator, grist mill, running a stage line, hacks or omnibuses, keeping an inn, or engaged as a common carrier, or express, etc., be beyond the reach of this law?

There is a difference between public uses and public duties and obligations. Almost any kind of business in which a corporation could engage, in some degree serves a large number of the individual members of society, but it does not follow that nearly all have public duties and obligations. Mor. Corp. (1st Ed.) § 496. Same (2d Ed.) § 1117; *Allen* v. *Jay*, 60 Maine, 124; *Rogers, etc., Works* v. *R. R.*, 20 N. J. Eq. 385; *Messenger* v. *R. R.*, 36 N. J. Law, 407; *Palmer* v. *R. R.*, 4 M. & W. 749.

The right to be a corporation is itself a separate, distinct and independent franchise. *R. R.* v. *Orton*, 6 Saw. 187. If it receives nothing from the state but the right to exist, it is under no obligations to the public that are not imposed on every natural person. The company could furnish light for individuals and not for the streets, or for both, and not furnish power, or it could at any time stop business altogether. Eminent domain is an attribute of sovereignty. It is the right to seize and appropriate private property for public use, to secure some benefit to the pub-

lic at large. Mor. Corp. (2 Ed.) § 1057 and cases cited. *Allen* v. *Jay*, 60 Maine, 134. In return therefor, the corporation has certain "public duties and obligations" to perform. *Lumbard* v. *Stearns*, 4 Cush. 60; 2 Mor. Corp. (2d Ed.) § 1114.

The granting of a mere franchise of existence or what amounts to the same thing, the organizing of a corporation under c. 48, R. S., does not take away any of these rights of the people. They could be created indefinitely. It gives the corporation no authority to take private property and it has no right in its dealings with the public that any one of the corporators did not possess in his individual capacity; and it carries with it no public duties and obligations that can be enforced against it, and the law only regulates its affairs so long as it sees fit to continue in business, the same as it does those of the individual.

So far as the evidence in this case shows, instead of having special rights and privileges, it is a trespasser in the highways and townways of Farmington, and liable at any time to have its poles and wires removed as a nuisance. Chapter 378, laws of 1885, says such plants shall not be erected without permit from the municipal officers. Although the right to erect its lines in the streets may have been named as one of the considerations for furnishing Farmington Village Corporation with light, the Village Corporation had no power to grant them that privilege.

This corporation was organized under the general law and takes nothing from the state but mere corporate existence. It has no right of eminent domain or exclusive privilege. It has no power or privilege any citizen of Farmington does not possess. Any natural person might start another electric light plant in Farmington, and contract to supply a part or all of the individuals and societies now furnished with light by this corporation.

*S. Clifford Belcher*, for Farmington E. L. & P. Company.

Counsel cited: *Patterson Gas Light Co.* v. *Brady*, 3 Dutcher, (N. J.) 245; *McCune* v. *Norwich City Gas Co.*, 30 Conn. 521; *New Orleans Co.* v. *Louisiana Light Co.*, 115 U. S. 650; *Louisville Gas Co.* v. *Citizens' Gas Co.*, 115 U. S. 683; *Shepard* v. *Milwaukee Gas Light Co.*, 6 Wis. 539; *Chicago Gas Light Co.* v.

*Peoples' Gas Light Co.*, 121 Ill. 530; *Gibbs* v. *Baltimore Gas Co.*, 130 U. S. 396; *Williams* v. *Mutual Gas Co.*, 52 Mich. 499.

Definition of corporations intended to be exempted cannot be confined to those having the right of eminent domain, because banks are included in the enumeration. The peculiar characteristic of all the corporations enumerated is that their customers are the general public. Statute does not profess to enumerate all the excepted corporations. The excepted corporations are not those subject to or having, but those engaged in "business involving" public duties and obligations.

The legislature believe the public had interests in corporations of this character and, therefore, excepted them from the operation of the statute of insolvency.

*N. & J. A. Morrill*, for N. E. Wiring & Construction Co.

This electric light company is *ejusdem generis* with a gas company, as telephone companies are with telegraph companies, although the telephone was unknown when the ordinance in question was enacted. *St. Louis* v. *Bell Tel. Co.*, 9 Am. St. Rep. 370. A horse railroad was held to be exempted under the term railroad in Mass. insolvent law. *Bank* v. *Horse R. R. Co.*, 13 Allen, 105. Gas companies, excepted by the statute, may be organized under the same general law as this electric light company, and yet possess no power of eminent domain or rights greater than this company.

Another test is that a corporation to be within the exception must be "actually engaged in business." It has been held that the common carrier, (*N. J. Steam Nav. Co.* v. *Bank*, 6 How. 382; *R. R.* v. *Iowa*, 4 Otto, 155); miller, (*Burlington* v. *Beasley*, 94 U. S. 314; *Jordan* v. *Woodward*, 40 Maine, 317; *Mill Corp.* v. *Newman*, 12 Pick. 467); ferryman, (*Day* v. *Stetson*, 8 Maine, 365); baker, (*Mobile* v. *Yuille*, 3 Ala. N. S. 140); hackney coachman, (*Com.* v. *Gage*, 114 Mass. 328; *Com.* v. *Matthews*, 122 Mass. 60); water companies, (*Water Works* v. *Schottler*, 110 U. S. 354; *Lumbard* v. *Stearns*, 4 Cush. 60), pursue a public employment; and the reason rests not upon any grant of power, but upon the character of the business, and the public consequence attaching to it.

The plaintiffs' right to have the assets of this electric light company distributed in insolvency rests upon the statute alone.

PETERS, C. J.    The single question presented by this case is, whether the Farmington Electric Light and Power Company belongs to the class of corporations made subject to the insolvency laws of the state.    A petition of its creditors, to subject the company to insolvency proceedings, was rejected by the insolvency judge upon the ground that he had not jurisdiction to administer its affairs in that court.    And this is a bill in equity seeking to correct the alleged error of the judge in that respect.    Our opinion is that the company is excluded from the operation of the insolvent law.

The statute, it seems to us speaks plainly on the question, when it says in § 61, c. 70 : "This chapter (on insolvency) applies to all corporations created by the law of the state, carrying on manufacturing, trading, mining, building, insurance or other private business, but does not apply to corporations engaged in business involving public duties and obligations, among which are railroads, banks, corporations engaged in supplying cities and towns with gas and water, and other corporations of like character."

The statute pronounces that a gas company, engaged in supplying a town with light is doing a business involving public duties and obligations.    Certainly an electric light company performing the same general service that the gaslight company does, is as nearly like the latter company, in the sense implied by the statute, as two companies can be alike, unless both be gaslight companies.    The two companies do the same kind of business, and perform the same service, only through somewhat different agencies. Each supplies a town with artificial light.    Each manufactures its power.    Each transmits a current produced by its power along the public ways ; the one under and the other over them ; one through pipes and the other through insulated wires.    The evidence shows that, at the time of the hearing on the bill in this court, the defendant corporation was regularly engaged in lighting the public streets within the limits of the Farmington Village Corporation by contract between the company and that corpora-

tion, and was furnishing light for the public halls, churches, hotels, banks, post-office and many private houses in that village.

One evidence that a company, such as this, is engaged in a business involving public duties and obligations is that its work is of general public utility. The entire public participate in and enjoy its benefits. Its light is for all.

Another and a decisive test is that there is committed to it, for its use, a portion of the power of eminent domain possessed by the people, in allowing it to use the public streets for its poles and wires. The legislature alone can grant this privilege. And when granted it is subject to an implied condition that the company accepting it assumes some obligation and duty to the public therefor. The obligation may be equitably more or less according to circumstances. There cannot be doubt, we think, that the statute under discusssion assumes that gas companies should be exempted from the operation of the insolvency chapter on account of their using, necessarily, the power of eminent domain.

It makes no difference, in the application of the test we are speaking of, that the company is incorporated by general statutory provision, rather than by special act of the legislature. The incorporation is effective however accomplished. It is in either way a legal creation. Nor does it exonerate the corporation from public obligation, because under the general laws of 1885, (ch. 378) it receives no monopoly of the power of eminent domain, nor because the power is delegated to it by the official action of persons designated for the purpose by the legislature. The principle is the same whether the company receives a partial or exclusive delegation to itself of the public power. *Pierce* v. *Drew*, 136 Mass. 75. The framers of the constitution and the legislature have deemed it wise to delegate an exercise of the public power under general restrictions and conditions, to prevent improvident grants and monopolies. The case of *Gibbs* v. *Baltimore Gas Co.*, 130 U. S. 396, in its discussion and citations, touches this case closely.

The complainants make the point that the evidence does not disclose that the defendant company was licensed by the select-

men of Farmington to occupy the public streets. It is not pre-tended, however, that a license was not in fact granted; and the defendants exhibit with their brief a copy of the license. That does not avail the complainants. Their bill contains no allegations of a want of license. The presumption is that the judge below acted upon proper grounds, until the complainants allege and prove the contrary.

*Bill dismissed with costs.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.